UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22089-RAR
(12-CR-20874-RSR)

**JEREMIAH FLORES**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER DISMISSING MOTION TO VACATE

**THIS CAUSE** comes before the Court on Movant Jeremiah Flores's *pro se* Motion to Vacate under 28 U.S.C. § 2255 ("Motion"). *See* Mot. [ECF No. 1]. Movant is currently serving a 180-month sentence in the custody of the Bureau of Prisons after pleading guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Judgment, *United States v. Flores*, No. 12-CR-20874 (S.D. Fla. July 22, 2013), ECF No. 36 at 1–2. Movant's three grounds for relief revolve around his central argument that his sentence enhancement under 18 U.S.C. § 924(e)(1) is now illegal. *See* Mot. at 3–4. However, having carefully reviewed the record, the Court concludes that the Motion is not timely under 28 U.S.C. § 2255(f) and must be summarily dismissed.[1]

---

[1] Rule 4(b) of the Rules Governing § 2255 Proceedings states that a § 2255 motion may be summarily dismissed if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). The Eleventh Circuit has held that "[b]oth a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner [or movant] is not entitled to relief" thereby authorizing the Court to *sua sponte* dismiss the case. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

## **LEGAL STANDARD**

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  Relief under § 2255 may be granted if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000).  Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotations omitted).

Pursuant to 28 U.S.C. § 2255(f), a § 2255 movant has "a 1-year period" to file their motion to vacate.  That one-year period runs "from the latest of" the following triggering dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).  An otherwise untimely motion can also be considered if the movant affirmatively demonstrates his entitlement to one of two non-statutory exceptions.  First, the limitations period can be "equitably tolled."  To warrant equitable tolling, Movant "must show (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (cleaned up).  Second, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  This exception, however, "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

## **ANALYSIS**

The Court finds that the Motion is not timely under any of § 2255(f)'s limitations periods.  To start, the Motion is clearly untimely under § 2255(f)(1) since it has been filed more than one year after "the date on which the judgment of conviction [became] final."  28 U.S.C. § 2255(f)(1).  Movant was adjudicated guilty and sentenced on July 22, 2013.  *See* Judgment, *United States v. Flores*, No. 12-CR-20874 (S.D. Fla. July 22, 2013), ECF No. 36 at 1–2.  Movant appealed his sentence to the U.S. Court of Appeals for the Eleventh Circuit which affirmed the trial court on April 2, 2014.  *See United States v. Flores*, 562 F. App'x 794, 800 (11th Cir. 2014).  The Supreme Court has held that a conviction becomes final under § 2255 when "this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527 (2003).  Since Movant did not file a petition for writ of certiorari with the Supreme Court, his conviction became final on July 1, 2014—ninety (90) days after the Eleventh Circuit affirmed his conviction and the last day Movant could have filed a petition for writ of certiorari.  *See Kemp v. United States*, 857 F. App'x 573, 576 (11th Cir. 2021) ("[Kemp] did not file a petition for a writ of certiorari.  Thus, the deadline for Kemp to file his § 2255 motion was August 20, 2015, one year after the expiration of the 90-

day period within which he could have sought certiorari.") (citing SUP. CT. R. 13.3). Consequently, the Motion is untimely under § 2255(f)(1) since it was not filed within one year of his criminal judgment becoming final on July 1, 2014. *See id.*

Therefore, the Motion would only be timely if it either falls under one of the remaining limitations periods of § 2255(f) or if Movant proves that he is entitled to one of the two other exceptions to timeliness: "equitable tolling" or "actual innocence." Unfortunately for Movant, none of these alternatives apply. Movant does not assert the existence of an "impediment to making a motion created by governmental action" or a factual predicate that "could have been discovered through the exercise of due diligence" after the date of finality; thus, § 2555(f)(2) and (f)(4) do not apply here. 28 U.S.C. § 2255(f)(2), (4); *see generally* Mot. Movant similarly fails to allege that "some extraordinary circumstance stood in his way and prevented timely filing," so he cannot rely on equitable tolling. *Lawrence*, 549 U.S. at 336; *see also Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) ("The petitioner has the burden of establishing his entitlement to equitable tolling[.]"). Finally, the contents of the Motion argue that Movant's <u>sentence</u> is illegal, but the Motion does not contest the legality of Movant's conviction nor the propriety of his guilty plea. *See generally* Mot. Consequently, the "actual innocence" exception cannot apply because Movant himself does not allege that he is, in fact, innocent. *See Schlup*, 513 U.S. at 324 ("[An actual innocence] claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence[.]").

If the Court <u>very</u> liberally construes the Motion, Movant may be attempting to invoke § 2255(f)(3). After all, Movant claims that "a prior conviction for fleeing and eluding . . . no longer qualifies as a violent felony under [§ 924(e)(1)]," implying that a higher court has held as such. Mot. at 3. But § 2255(f)(3) requires Movant to show that the Motion was filed within one-year from "the date on which the right asserted was initially recognized by the Supreme Court, if that

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Movant does not explain what new Supreme Court-recognized right applies to his Motion, nor does he provide the specific case law holding that a Florida conviction for fleeing and eluding is no longer a qualifying predicate offense under § 924(e)(1). *See generally* Mot. at 3–4; *see also LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) (holding that the burden of proof "on a § 2255 petition belongs to the petitioner").[2] Because Movant has not met his burden of proof, the Court finds that § 2255(f)(3) does not apply.

The instant Motion is not timely under any of the limitations periods of § 2255(f) nor does Movant allege that the Motion is timely under one of the available equitable exceptions. For these reasons, it is clear from the face of the Motion that it is untimely and must be **DISMISSED**.

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. (cleaned up)).

## CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A habeas petitioner has no absolute entitlement to appeal a district

---

[2] The Court presumes that Movant is referring to *United States v. Adams*, 815 F.3d 1291 (11th Cir. 2016), which held that "convictions for fleeing or attempting to elude, under Fla. Stat. § 316.1935" could no longer be considered "violent felonies" after the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). *Id.* at 1292. Even if the Court assumes, *arguendo*, that *Adams* and *Johnson* are relevant to Movant's criminal judgment, Movant cannot rely on an Eleventh Circuit case that was decided over seven years ago (nor *Johnson*, a case decided eight years ago) to avail himself of the limitations period in § 2255(f)(3). *See Adderley v. United States*, No. 22-CV-23761, 2022 WL 17093179, at *3 (S.D. Fla. Nov. 21, 2022) ("[T]he text of § 2255(f)(3) clearly and unambiguously only applies to new rights 'recognized by the Supreme Court'—not the Eleventh Circuit or any [other court].").

court's final order denying his habeas petition. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims" the movant must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, reasonable jurists would not find the Court's procedural ruling that the Motion is untimely to be debatable. Accordingly, a COA is denied and shall not issue.

## CONCLUSION

Having carefully reviewed the record and governing law, it is

**ORDERED AND ADJUDGED** that the Motion [ECF No. 1] is **DISMISSED**. All pending motions are **DENIED as moot**. Any demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 7th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**